Matter of Skyhigh Murals-Colossal Media Inc. v Board of Stds. & Appeals of the City of N.Y. (2018 NY Slip Op 04089)





Matter of Skyhigh Murals-Colossal Media Inc. v Board of Stds. & Appeals of the City of N.Y.


2018 NY Slip Op 04089


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6803 157348/16

[*1]In re Skyhigh Murals-Colossal Media Inc., etc., Petitioner-Respondent,
v
Board of Standards and Appeals of the City of New York, Respondent-Appellant.


Zachary W. Carter, Corporation Counsel, New York (Qian Julie Wang of counsel), for appellant.
Akerman, LLP, New York (Richard G. Leland of counsel), for respondent.



Judgment (denominated decision and order), Supreme Court, New York County (Arthur F. Engoron, J.), entered January 17, 2017, annulling a determination of respondent (BSA), dated May 17, 2016, which affirmed the New York City Department of Buildings' (DOB) denial of petitioner's application to install an advertising sign, and permitting petitioner to install the proposed sign, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
BSA's determination that DOB properly denied petitioner's application to install an advertising sign has a rational basis and is supported by substantial evidence (see generally Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals , 95 NY2d 437, 440 [2000]; Matter of Toys "R" Us v Silva , 89 NY2d 411, 418 [1996]). BSA rationally found that the proposed sign was prohibited by New York City Zoning Resolution § 42-561 in light of its location within 100 feet of the boundary of a Special Mixed Use District superimposed on a Residence District. The court erred in treating the adjoining district solely as a Special Mixed Use District rather than a Residence District on the basis of the statutory definitions of these districts, i.e., that they are designated "MX" and "R," respectively. The 1997 resolution of the City Planning Commission of the New York City Department of City Planning that created the first Special Mixed Use District indicates that restrictions governing Residence Districts may apply to Special Mixed Use Districts, depending on the particular regulations at issue. The court should have deferred to BSA's determination instead of applying a de novo standard of review, since this case called for BSA to apply its expertise in zoning and land planning matters to regulations that are not entirely clear and unambiguous when read as a whole (see Matter of Beekman Hill Assn. v Chin , 274 AD2d 161, 167 [1st Dept 2000], lv denied 95 NY2d 767 [2000]; Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y. , 91 NY2d 413, 419 [1998]; cf. Matter of Raritan Dev. Corp. v Silva , 91 NY2d 98 [1997] [no deference owed to agency interpretation contrary to plain meaning of statutory language]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK